**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZAMIR GABRIEL ALVAREZ-GOMEZ, AKA Josei Guema, | No. 18-73202 |
| Petitioner, | Agency No. A095-789-832 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 21, 2021**

Before: SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Zamir Gabriel Alvarez-Gomez, a native and citizen of Peru, petitions for

review of the Board of Immigration Appeals' ("BIA") order granting respondent's

motion to reconsider. We have jurisdiction under 8 U.S.C. § 1252. We review for

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the BIA's ruling on a motion to reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petition for review.

In his opening brief, Alvarez-Gomez does not challenge the agency's determination that his 1999 conviction constitutes a crime involving moral turpitude. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

The BIA did not abuse its discretion in granting respondent's motion to reconsider, where Alvarez-Gomez's contention that his 1999 conviction is no longer a disqualifying conviction for cancellation of removal purposes under an amendment to California Penal Code § 18.5 is foreclosed by *Velasquez-Rios v. Wilkinson*, 988 F.3d 1081, 1089 (9th Cir. 2021) (holding that "California's amendment to § 18.5 of the California Penal Code, which retroactively reduces the maximum misdemeanor sentence to 364 days for purposes of state law, cannot be applied retroactively for purposes of § 1227(a)(2)(A)(i).").

The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**